UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURIE JANE HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>WACHOVIA MORTGAGE, FSB f/k/a World Savings Banks, *et al.*,<br><br>    Defendants. | 11-CV-1622<br><br>OPINION |

    This matter comes before the Court on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff Laurie Jane Hayes sued a predecessor of Wells Fargo, and other defendants, in New Jersey state court asserting violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and bringing other claims under state law. Wells Fargo removed the action against it to this Court; the other defendants have not appeared.
    For the reasons below, the Court will grant the motion to dismiss in part, dismiss Hayes's TILA claims, and decline to exercise supplemental jurisdiction over the remaining claims.

**I. Background**

    In 2007, Hayes retained defendant Franklin First Financial, LTD. as a broker to aid her in finding a refinance loan. On October 10, 2007, acting on her broker's recommendation, Hayes closed on a refinance loan with Wachovia Mortgage FSB, f/k/a World Savings Bank. Defendant Allwood Title Agency, Inc. acted as the settlement agent at the closing. Sometime thereafter, Wells Fargo acquired Wachovia Mortgage FSB, and the two companies merged.
    On July 7, 2010, Hayes filed an action in the Law Division of the Superior Court of New Jersey, Essex County, against the above-named defendants and John Does I-X. On July 13, 2010, she filed the Amended Complaint, alleging violations of TILA, violations of the New Jersey Home Ownership Security Act, N.J. Stat. Ann. 46:10-B-22, *et seq.*, violation of the New Jersey Consumer Fraud Act, N.J.

1

Stat. Ann. 56:8-2, *et seq.*, fraud, and breach of fiduciary duty. The crux of the Amended Complaint is that the defendants failed to make necessary disclosures, ignored other state law prohibitions regarding lender actions, and otherwise induced Hayes to enter into the loan agreement on terms advantageous to the defendants and disadvantageous to her. In August of 2010, Hayes attempted improper service on Wells Fargo. On December 7, 2010, the Clerk of the Superior Court entered default against Wells Fargo.

On March 22, 2011, Wells Fargo removed the action against it to this Court pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446. Wells Fargo then moved to set aside the entry of default against it, and Hayes consented thereto. On April 23, 2011, this Court set aside the entry of default. On June 22, 2011, Wells Fargo moved to dismiss all the claims against it. The time to respond to the motion has passed, and Hayes has not filed a response.

**II. Legal Analysis**

    A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id*. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

When deciding a motion to dismiss under Rule 12(b)(6), a court typically

must limit its review to the pleadings. *See, e.g.*, *Hart v. Electronic Arts, Inc.*, 740 F. Supp. 2d 658, 662-63 (D.N.J. Sep. 22, 2010). But where the complaint explicitly refers to or relies upon a document, and the defendant attaches an undisputedly authentic copy of that document as an exhibit to a motion to dismiss, the Court may consider that document in deciding the motion under the incorporation by reference doctrine. *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Wells Fargo has attached copies of certain TILA documents that were signed by Hayes as exhibits to its motion to dismiss: a document marked "Federal Truth in Lending Disclosure Required by Regulation Z" ("TILA Disclosure"), attached as Exhibit H, and a document marked "Notice of Right to Cancel – General" ("NRC"), attached as Exhibit J. Paragraphs 12 and 51 of the Amended Complaint explicitly refer to these documents, and Hayes's claims under TILA rely on their content. Hayes has not objected to these exhibits nor has she cast doubt on their authenticity. As such, this Court may properly consider these exhibits without converting the motion to dismiss into one for summary judgment. *See, e.g.*, *Kemp v. American Home Mortg. Servicing, Inc.*, 2010 WL 456770, at *2 (E.D. Cal. Feb. 3, 2010) (finding that court may consider TILA documents referred to in complaint under incorporation by reference doctrine). The Court will not consider the other documents attached to the motion.

### B. Plaintiff's TILA Claims

Hayes alleges three specific violations of TILA: first, that the defendants failed to provide her with two copies of the notice of her right to cancel the transaction; second, that the defendants failed to accurately disclose the finance charges associated with the closing; and third, that the disclosures she did receive were untimely. Hayes prays for relief in the form of damages and rescission. Unfortunately for Hayes, all of her claims arising under TILA are time-barred.

The one-year statute of limitations provided by 15 U.S.C. § 1640(e) bars any claim for damages Hayes could bring under TILA. *In re Community Bank of Northern Virginia*, 622 F.3d 275, 303 (3d Cir. 2010). The limitations period begins to run on the day of the occurrence of the violation – in this case, from the closing of the loan. *Id.* at 303-304. Hayes alleges she closed the loan on or about October 10, 2007, but she did not file her complaint until July 7, 2010 – well over a year after the closing.

Similarly, the three-day period provided by 15 U.S.C. § 1635(a) bars any claim for rescission. Granted, 15 U.S.C. § 1635(f) creates an extended three-year statute of repose that is available when the lender has failed to make the material disclosures required by TILA. *Chiles v. Ameriquest Mortg. Co.*, 551 F. Supp. 2d. 393, 396 (E.D. Pa. 2008). But review of the NRC and the TILA Disclosure

confirms that Hayes received the necessary disclosures.[1] As such, she cannot avail herself of the extended three-year statute of repose. *Id.* She did not seek to rescind her loan until she filed her first complaint, on July 7, 2010 – well past the three-day limit.

### C. Supplemental Jurisdiction

While the TILA claims are active, this Court has supplemental jurisdiction over the remaining state-law claims, all of which are related to the same common nucleus of facts giving rise to the alleged TILA violations. *See* 28 U.S.C. § 1367(a). But once the Court dismisses the TILA claims, the Court must decide whether to exercise supplemental subject-matter jurisdiction over the pendent state law claims.  The Third Circuit Court of Appeals "has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). The Court sees no reasons why any considerations of judicial economy, convenience, or fairness to the parties would provide an affirmative justification for exercising supplemental jurisdiction in this case. This is especially true here, where the action against the majority of the defendants is still before the state court. The state court – from which Wells Fargo removed this action – would presumably be able to deal with the remaining state law issues. And so, the Court should remand the remaining state law claims under 28 U.S.C. § 1367(c)(3).

---

[1] A brief review of the TILA Disclosure confirms that it contains the necessary information about finance charges required by TILA and its implementing regulations. And, despite her allegations to the contrary, review of the NRC reveals that Hayes acknowledged receiving the required two copies of that document. *See Palmer v. GMAC Commercial Mortg.*, 628 F. Supp. 2d 186, 192-93 (D.D.C. 2009). The documents also make plain that she received them on October 10, 2007, the day of the closing. Thus, there is no violation arising from the timeliness of the disclosures. *See Ngwa v. Castle Point Mortg.*, 2008 WL 3891263, at *7 (S.D.N.Y. Aug. 20, 2008) (no extension of right to rescind where plaintiff received TILA disclosures at closing). In any event, Hayes signed both the NRC and the TILA Disclosure, thereby creating a rebuttable presumption that she received the necessary disclosures. *See Jefferies v. Ameriquest Mortg. Co.*, 543 F. Supp. 2d 368, 381 n. 17 (E.D. Pa. 2008) (citing 15 U.S.C. § 1635(c) and holding that "[w]hen a consumer acknowledges in writing that she has received the [TILA] disclosures, the acknowledgment creates a rebuttable presumption that the lender delivered the required disclosures.").

## III.  Conclusion

For the foregoing reasons, the Court dismisses Count VI of the Complaint, Plaintiff's TILA claims, and declines to exercise supplemental jurisdiction over the remaining state law claims. The Court remands the remaining state law claims to the Law Division of the New Jersey Superior Court, Essex County. An appropriate order follows.

                                               /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**